French, J.,
concurring in judgment only.
{¶ 49} I agree that Gipson’s out-of-court statements were inadmissible, but I do so based solely on Evid.R. 403. While the majority focuses on whether Gipson’s testimonial statements constituted hearsay, triggering the Confrontation Clause, it is important to note that the trial court explicitly instructed the jury that Gipson’s out-of-court statements identifying Ricks as “Peanut” were “not [offered] for the truth of the matter asserted” and could be considered for only the nonhearsay purpose of “explain[ing] this officer or that department’s investigation.” Generally, this type of instruction ensures that the jury will consider evidence of limited admissibility for its admissible purpose rather than its *370 inadmissible purpose. See Evid.R. 105. We must presume that juries follow limiting instructions, and this presumption “fully applies when rights guaranteed by the Confrontation Clause are at issue.” Tennessee v. Street, 471 U.S. 409, 415, 105 S.Ct. 2078, 85 L.Ed.2d 425 (1985), fn. 6.
{If 50} The fact that a limiting instruction can be given regarding certain relevant evidence, however, does not guarantee its admissibility. When the danger of unfair prejudice substantially outweighs the probative value of the evidence, it is not admissible. Evid.R. 403; see also 1980 Staff Note, Evid.R. 105 (noting the “very close relationship” between Evid.R. 105 and Evid.R. 403 and recognizing the possibility that a limiting instruction may be inadequate to reduce the danger of unfair prejudice). The risk of prejudice is “grave” in cases such as this one, where a statement is admitted for a nonhearsay purpose, but on its face, the statement “asserts facts directly relevant to a critical issue in the case and the declarant would presumably have personal knowledge of the facts.” 1 McCormick, Evidence, Section 59, at 409 (7th Ed. 2013).
{¶ 51} In this case, the trial court’s limiting instruction did little to ameliorate the risk that the jury would misuse Gipson’s out-of-court statements as substantive evidence of guilt. While the statements undeniably satisfied a nonhearsay purpose — explaining the course of the police investigation, see State v. Thomas, 61 Ohio St.2d 223, 232, 400 N.E.2d 401 (1980) — they also constituted direct evidence of identity, supplied by an accomplice with personal knowledge. It is usually possible to explain the course of an investigation without relating historical aspects of the case, and in most cases, testimony that the officer acted “upon information received,” or words to that effect, will suffice. 2 McCormick, Evidence, Section 249, at 193-195 (7th Ed. 2013).
{¶ 52} That was true here, where it would have been possible to explain how the investigation led to Ricks without introducing Gipson’s exact statements or his behavior upon seeing Ricks. Nor was it necessary to inform the jury that it was Gipson — the alleged accomplice — who led police to Ricks. That information had little probative value and a high likelihood that the jury would misuse it as substantive evidence of Ricks’s guilt, even with the trial court’s limiting instruction.
{¶ 53} Finally, there is no need to consider whether the prosecuting attorney used the nonhearsay aspect of the statements as a pretext for introducing inadmissible hearsay. Whenever a statement qualifies as both nonhearsay and hearsay, standards of relevancy and prejudice should govern admissibility. State v. Maurer, 15 Ohio St.3d 239, 263, 473 N.E.2d 768 (1984). Because the probative value of Gipson’s statements was substantially outweighed by the risk of unfair prejudice, I believe that the statements were inadmissible under Evid.R. 403.
O’Connor, C.J., and Lanzinger, J., concur in the foregoing opinion.
*371 Kevin J. Baxter, Erie County Prosecuting Attorney, and Mary Ann Barylski, Assistant Prosecuting Attorney, for appellee.
Timothy Young, Ohio Public Defender, and Kristopher A. Haines, Assistant Public Defender, for appellant.